IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NILESH H. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:08-cv-337-MEF |
| | ) | |
| WAL-MART STORES, INC., | ) | (WO- Do Not Publish) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this action, Plaintiffs, who are former or current employees of Wal-Mart Stores, Inc. ("Wal-Mart"), claim entitlement to a variety of remedies for alleged violations of the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This cause is presently before the Court on Plaintiffs' Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) (Doc. # 23) filed on October 3, 2008.  Plaintiffs have submitted a brief and exhibits in support of this motion (Docs. # 24).  Wal-Mart oppose the relief requested.  (Doc. # 34).  The Court has carefully considered the arguments in support of and in opposition to the motion and finds that the motion is due to be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

On  May 5, 2008, Nilesh Patel ("Patel") filed this case against Wal-Mart seeking nationwide collective action status under the FLSA.  Patel is a former Asset Protection Assistant ("APA") and Asset Protection Coordinator ("APC") who worked in a Wal-Mart store in Covington County, Alabama.  He seeks to recover unpaid overtime compensation, prejudgment interest, liquidated damages, attorneys' fees and costs.  Patel seeks to represent

all "similarly situated" APAs and APCs (both current and former) who were subject to the same uniform policy of improper classification during the three years prior to the filing of the lawsuit. Patel alleges that he and other Wal-Mart APAs or trainees for the APC positions were not properly paid overtime compensation while undergoing APC training.

On October 2, 2008, Patel filed a motion for leave to file an amended complaint adding three additional named plaintiffs: Holly Morris ("Morris"), Jared Odom ("Odom"), and Michael Laseter ("Laseter"). Without objection, this motion was granted by an Order dated October 31, 2008. The Amended Complaint (Doc. # 32) formally adding Morris, Odom, and Laseter as named Plaintiffs to this action was filed on October 31, 2008.

On October 3, 2008, Patel filed the instant motion seeking issuance of nationwide notice to all potential opt-in members of the collective action. Along with a brief in support of this motion, Patel filed affidavits from Morris, Odom, and Laseter indicating that they were similarly situated to Patel and that they desired to opt in to this action. Wal-Mart opposes conditional certification for a variety of reasons.

## DISCUSSION

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff seeking relief to bring a "collective action" on behalf of similarly situated persons subject to the requirement that any person who wishes to become a part of the collective action must file a written consent in the court in which such action is brought. *See, e.g.,* 29 U.S.C. § 216(b); *Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp. 2d 1272, 1274 (M.D. Ala. 2004). A district court may in some circumstances facilitate notice to potential participants in the

collective action. *See, e.g., Dybach v. Florida Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir. 1991); *Davis,* 303 F. Supp. 2d at 1275; *Horne v. United Servs. Auto Ass'n*, 279 F. Supp. 1231, 1233 (M.D. Ala. 2003). "The power to authorize notice must, however, be exercised with discretion and only in appropriate cases." *Horne*, 279 F. Supp. 2d at 1233 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir.1983)). Before intervening in the notice procedure,

> the district court should satisfy itself that there are other employees of the [employer (1)] who desire to "opt-in" and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions.

*Dybach,* 942 F.2d at 1567; *Davis*, 303 F. Supp. 2d at 1275. Where, as here, there is insufficient evidence that other employees desire to "opt-in," a district court may exercise its discretion and refuse to conditionally certify a collective action and participate in notice to potential members of the action. *Davis,* 303 F. Supp. 2d at 1276-79. On the basis of the record before it, the Court concludes that Plaintiffs have not carried their burden of demonstrating that other employees exist who desire to opt-in to the collective action proposed by Plaintiffs. Indeed, the only potential opt-ins of which the Court has any evidence had already become named plaintiffs before the Court had an opportunity to rule on the motion seeking conditional certificate and notice to a potential nationwide class. While Plaintiffs may have offered evidence from which one could conclude that other similarly situated employees may exist, there is certainly no evidence that any of them wish to opt in to this action if it was conditionally certified. Simply put, Plaintiffs have failed to

3

establish that notice is appropriate in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) is DENIED.

DONE this the 19th day of June, 2009.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE