IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NILESH H. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:08-cv-337-MEF |
| | ) | |
| WAL-MART STORES, INC., | ) | (WO- Do Not Publish) |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion to Dismiss Holly Morris With Prejudice (Doc. # 49) filed on October 20, 2009 by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). This is a case brought by several plaintiffs, including Holly Morris ("Morris") against their employer under the Fair Labor Standards Act.  Plaintiffs contend that they were improperly classified and compensated as exempt administrative employees and improperly denied overtime pay for hours worked in excess of forty hours per week.  Wal-Mart contends that Morris' claims are due to be dismissed with prejudice due to her failure to prosecute this action or participate in discovery.  Morris' counsel argues that any dismissal should be without prejudice.

Morris joined this lawsuit as a party plaintiff on October 31, 2008.  In June of 2009, Wal-Mart served interrogatories on Morris' counsel addressed to Morris' claims.  Morris' counsel sought and received an extension of time for her response, but ultimately failed to respond to the interrogatories.  Wal-Mart then attempted four times in September and October to procure Morris' deposition.  Morris failed to appear at any of the depositions for

which she received notices. At no point in this litigation, did counsel for Wal-Mart file a motion seeking to compel Morris to respond to the interrogatories propounded to her or to appear for a deposition. Moreover, Wal-Mart did not pursue any other relief pursuant to Federal Rule of Civil Procedure 37. Instead, Wal-Mart filed the instant motion pursuant to Federal Rule of Civil Procedure 41(b).

Morris' counsel has made ongoing and continuous efforts to contact Morris from June of 2009 through November of 2009. Morris' counsel has written letters, made telephone calls, and used a private investigator to attempt to locate and communicate with Morris. It is not clear from the record before this Court whether any of these efforts were successful or if Morris' counsel has any idea where she is currently located. It is only clear that she does not respond to their attempts to communicate with her. The Court cannot say whether this is because she does not know of these attempts or because she willfully refuses to participate in this litigation.

Federal Rule of Civil Procedure 41(b) provides as follows:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Because of Wal-Mart's strategic decision not to seek any discovery orders pursuant to the Federal Rules of Civil Procedure prior to filing this motion, the Court

cannot say that Morris has failed to comply with a court order.  Wal-Mart has shown that Morris has failed to comply with the Federal Rules of Civil Procedure regarding providing responses to interrogatories and appearing for a deposition.  Nothing in the text of Rule 41(b) requires that such a dismissal be with prejudice.  Under Rule 41(b), a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Wal-Mart has failed to demonstrate a clear record of delay or willful contempt.  Moreover, it has not shown that lesser sanctions would not suffice.  Accordingly, the motion to dismiss is due to be DENIED.  The Court notes that on the basis of the record before it, it would be willing to dismiss this case without prejudice.  That, however, has not been requested.

For the foregoing reasons, it is hereby ORDERED that the Motion to Dismiss Holly Morris With Prejudice (Doc. # 49) is DENIED.

DONE this the 2nd day of December, 2009.

/s/  Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE